IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESLEY COLLIER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  12-5351 |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |

**SURRICK, J.**                                                                                      MAY __19__ , 2014

## MEMORANDUM

Plaintiff filed this civil action challenging a decision by Defendant Carolyn W. Colvin,

Acting Commissioner ("Commissioner") of the Social Security Administration (SSA), denying

Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-

1383(f).  An Administrative Law Judge ("ALJ") denied Plaintiff's DIB and SSI requests, and the

SSA's Appeals Counsel denied review.  Plaintiff then filed this request for judicial review.  (ECF

No. 1.)  Plaintiff submitted a brief in support of his request for review.  (ECF No. 9.)  We

subsequently referred this matter to United States Magistrate Judge Lynne A. Sitarski.  (ECF No.

14.)  Judge Sitarski prepared a Report and Recommendation ("R & R") which recommends that

Plaintiff's "request for review be denied and judgment be entered in favor of Defendant."  (R &

R 19, ECF No. 15.)  Plaintiff filed Objections to the R & R.  (Objections, ECF No. 20.)

When a party makes a timely and specific objection to a portion of an R & R by a United

States Magistrate Judge, the district court must engage in de novo review of the issues raised on

objection.  28 U.S.C. § 636(b)(1)(C).  In so doing, the court may "accept, reject, or modify, in

whole or in part, the findings or recommendations" contained in the report.  *Id*.  The court may

also, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Review of an ALJ's findings of fact is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (internal quotation marks omitted).

In his first objection, Plaintiff asserts that Defendant made a number of fraudulent misrepresentations to Judge Sitarski which "precluded [Plaintiff's] access to a bias free review." (Objections 5.) Plaintiff contends that Defendant deliberately and/or inadvertently informed Judge Sitarski that Plaintiff's medical license was suspended until 2022 as a result of a prior felony conviction. (*Id*. at 2-3.) In addition, Plaintiff alleges that Judge Sitarski incorrectly stated that he earned a Doctor of Medicine "DO" degree rather than an "MD" degree and that he completed a residency rather than an internship in internal medicine. (*Id*. at 4.)

Plaintiff's allegations of bias are unfounded. At the administrative hearing, Plaintiff testified that he was a medical doctor and that he completed his residency in internal medicine at the United States Public Health Service Hospital in Baltimore, Maryland. (R. at 40-41, 55, ECF No. 5.) Plaintiff also informed the ALJ that his medical license was suspended as a result of his felony conviction and that he could apply for reinstatement in 2012. (*Id*. at 82.) In addition,

Plaintiff informed the ALJ that he would be on parole until 2022.  (*Id*. at 54-55.)  The ALJ was

not operating under any false impressions when he rendered his decision.  Moreover, despite

Plaintiff's assertions to the contrary, Defendant did not make any false representations to this

Court in her response to Plaintiff's request for judicial review.  (*See* Def.'s Resp. 1, ECF No. 12.)

Finally, although Judge Sitarski mistakenly referred to Plaintiff as a DO and stated that his

license was suspended until 2022 (R & R 2, 10), this information was of no consequence.  It was

entirely irrelevant to the question of whether Plaintiff is disabled under Title II and Title XVI of

the SSA.

In his second objection, Plaintiff contends that the ALJ and Judge Sitarski disregarded

and mischaracterized evidence regarding Plaintiff's disability.  (Objections 6.)  Specifically,

Plaintiff claims that Judge Sitarski "cull[ed] to make allusions to the least material segments" of

Plaintiff's EMG and MRI tests results.  (*Id*. at 6-8.)  In addition, Plaintiff maintains that the ALJ

committed plain error by failing to afford Plaintiff the opportunity to "ask the expert who

testified at the hearing any questions."  (*Id*. at 9.)  Plaintiff is simply wrong.

The ALJ's opinion denying Plaintiff's application for DIB and SSI set forth a detailed

review of Plaintiff's medical history.  (R. at 17-20.)  This review included summaries of one

EMG and seven MRIs performed over a ten-year period.  The test results showed that Plaintiff

had, among other things, spondylitic and degenerative changes in his cervical and lumbar spine

causing foraminal narrowing and canal stenosis.  (*Id*. at 17-20, 251, 258, 261.)  The results also

revealed significant diffuse spondylitic disc disease, disk desiccation, and grade one

spondylolisthesis.  (*Id*. at 19, 218, 246.)  After considering the evidence, including the EMG and

MRI test results, the ALJ determined that Plaintiff had severe impairments.  (*Id*. at 13.)

3

Nevertheless, the ALJ determined that Plaintiff possessed the residual functional capacity to perform a range of sedentary work. (*Id*. at 21.)  Upon review, Judge Sitarski also examined Plaintiff's EMG and MRI results and concurred with the ALJ's determination that Plaintiff was not totally disabled. (R & R 5-7, 18.)  In support of her decision, Judge Sitarski noted that Plaintiff was actually employed during the time that several of the tests were conducted. (*Id*. at 14-15.)  As such, Judge Sitarski determined that the EMG and MRIs did not support Plaintiff's claim that he was unable to work. (*Id*.)  Our review of the record reveals that neither the ALJ nor Judge Sitarski disregarded or mischaracterized the results of Plaintiff's test results.  Rather, they made a determination that those results, standing alone, were insufficient to support Plaintiff's claim for disability.  We agree with those determinations.

Plaintiff also argues that the ALJ erred by failing to afford Plaintiff the opportunity to "ask the expert who testified at the hearing any questions." (Objections 9.)  Presumably, Plaintiff is referring to the vocational expert, Bruce Martin, the only expert who testified at the administrative hearing. (R. at 47.)  However, the hearing transcript clearly reveals that Plaintiff's attorney was afforded the opportunity to question Mr. Martin. (*Id*. at 93.)  Accordingly, Plaintiff's second objection is overruled.

In his third objection, Plaintiff argues that the ALJ and Judge Sitarski refused and neglected to consider all of his impairments including:  cervical headache pain; diminished attention span; decreased concentration ability; forgetfulness fatigability; generalized weakness; insomnia; and chronic pain syndrome. (Objections 9.)  In support of this claim, Plaintiff relies upon the medical reports of Dr. Tabby (*id*. at 9, 14) and a letter written by Plaintiff's former employer (*id*. at 11).  The letter described how Plaintiff was required to significantly reduce his

workload and eventually cease working altogether as a result of his impairments. (*Id*. & App. C.)

The ALJ acknowledged Dr. Tabby's November 11, 2004 report, which stated that Plaintiff experienced occasional headaches associated with his cervical disk herniation. (R. at 13, 281-82.) The ALJ also determined that there was no evidence of a separate and distinct head impairment because the record did not contain any MRIs of the head or brain and because there was no evidence that Plaintiff had ever been prescribed any medication for headaches. (*Id*. at 13.) In addition, at the hearing, the ALJ questioned Plaintiff about his symptoms of weakness, insomnia, fatigability, and lack of concentration. (*Id*. at 69-75.) The ALJ assessed the credibility of Plaintiff's responses by weighing them against other factors such as: Plaintiff's daily activities; precipitating and aggravating factors; medications; and other forms of treatment. The ALJ also compared Plaintiff's responses to the medical reports of numerous doctors. (*Id*. at 15-19.) Although the ALJ did not consider the letter written by Plaintiff's former employer, that was because the letter had not yet been drafted. *See Smith v. Comm'r of Soc. Sec*., 80 F. App'x 268, 270 (3d Cir. 2003) ("Evidence that is not in front of the ALJ cannot be used to argue that the ALJ's decision was erroneous."). Judge Sitarski did not err when she concluded that "the ALJ properly considered Plaintiff's subjective complaints of pain in conjunction with the objective medical evidence of record . . . ." (R & R 18.) The record supports this finding.

In his fourth objection, Plaintiff objects to Judge Sitarski's statement that the record contained insufficient evidence to support Plaintiff's claim for disability and that the evidence was more consistent with the findings of the consultative medical examiner, Dr. Kennedy. (Objections 12; R & R 15.) Plaintiff argues that Dr. Kennedy is not a neurologist, neurosurgeon,

orthopedist, or radiologist and that his ten-minute examination was insufficient to contradict the findings of Plaintiff's physician, Dr. Allen.  (Objections 12, 13.)  Specifically, Plaintiff contends that Dr. Kennedy's assessment was rendered without consideration of the full extent of Plaintiff's physical and mental impairments.  (*Id*. at 13.)

The record does not support Plaintiff's contention that Dr. Kennedy performed an inadequate evaluation.  In addition to conducting a personal examination, Dr. Kennedy reviewed Plaintiff's 2007 MRI results.  Dr. Kennedy diagnosed Plaintiff as having chronic cervical degenerative disc disease with bilateral upper extremity radiculopathy and chronic lumbar degenerative disc disease with bilateral lower extremity radiculopathy.  (R. at 19, 230.)  This diagnosis was consistent with the reports of Dr. Black, a board certified neurosurgeon, and Dr. Tabby, a board certified neurologist.  (*Id*. at 279-86.)  Based upon his examination, Dr. Kennedy determined that Plaintiff was capable of performing sedentary work.  (*Id*. at 19, 235-36.)  Although Plaintiff argues that Dr. Kennedy did not consider Plaintiff's cognitive capabilities in making this determination, a 2007 psychiatric evaluation performed by Dr. Richard Cohen revealed "no evidence of any thought disorder."  (*Id*. at  13.)  The fact that Dr. Kennedy's assessment of Plaintiff's physical capabilities conflicted with the findings of Dr. Allen does not mean that Dr. Kennedy conducted a "cook tour examination."  (Objections 12.)  The ALJ and Judge Sitarski properly weighed these competing assessments, determined that Dr. Kennedy's opinion was entitled to greater weight, and explained their rationale in their well-reasoned opinions.

In his fifth objection, Plaintiff argues that Judge Sitarski demonstrated bias in her R & R by defining a medical term that minimized Plaintiff's impairments while failing to define other

terms that were consistent with Dr. Allen's assessment. (Objections 17.) Plaintiff also objects to

Judge Sitarski's observation that Plaintiff, during a 2008 emergency room visit, indicated that he

was independent in all daily living activities. (*Id*. at 15; R & R 18.) Plaintiff claims that the only

reason that he responded yes to that question was because he had already begun to proactively

modify and restrict his lifestyle. (Objections 15.)

We reject Plaintiff's claims of bias for the reasons explained above. Moreover, Judge

Sitarski did not minimize Defendant's impairments. To the contrary, she clearly acknowledged

the ALJ's determination that Plaintiff suffered from severe impairments. (R & R 10.) We are

similarly unpersuaded by Plaintiff's objection concerning his inability to perform daily activities.

At the administrative hearing, the ALJ asked Plaintiff if he was able to perform "self care"

functions independently or whether he required the assistance of another person. (R. at 73.)

Although Plaintiff indicated that his impairments discouraged him from bathing on a daily basis,

he nevertheless stated that he was able to perform these functions independently. (*Id*.) Plaintiff

even conceded that he occasionally goes to the store to buy lottery tickets. (*Id*. at 74.) We find

no fault with Judge Sitarski's observation that Plaintiff is able to independently perform daily

activities.

We are satisfied after a thorough review of the entire record that there is substantial

evidence to support the ALJ's findings with regard to the medical evidence presented at the

hearing and substantial evidence to support the ALJ's finding with regard to the credibility of

Plaintiff.  Accordingly, Plaintiff's Objections to the R & R of Magistrate Judge Sitarski will be

overruled, and the R & R will be approved and adopted.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**

8